[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE #102 CT Page 8324
The issue in this case is whether the defendant's motion to strike the second count of the plaintiff's complaint should be granted.
The complaint in this matter was filed on February 5, 1992, by Alberta Gould ("plaintiff") against defendants Phyllis and Michael Ignatowski. The complaint is in two counts and seeks damages for injuries plaintiff claims to have sustained in an attack by a dog allegedly owned by the defendants. The first count is directed against Phyllis Ignatowski and the second count against Michael Ignatowski.
The second count, at issue in this motion to strike, alleges that at the time of the alleged attack, Michael Ignatowski was (1) in ownership and control of real property known as 297 Herbert Street, Milford, CT, and (2) the owner and/or keeper, as per General Statutes section 22-357, of the dog in question. That count further alleges that at the time of the accident, the dog was "roaming loose on the real property known as 297 Herbert Street, Milford, Connecticut, when [it] violently attacked the plaintiff. . . ." (p. 3). Count Two also states that at the time of the accident the plaintiff was neither committing a trespass or other tort, nor was she "teasing, tormenting, or abusing" the dog at issue. (p. 3).
Michael Ignatowski ("defendant") filed a motion to strike the second count of the complaint on April 3, 1992, on the ground of failure to state a claim upon which relief can be granted. On April 6, 1992, the defendant filed a memorandum of law in support of the motion to strike (mistakenly entitled "Memorandum of Law in Support of Motion to Dismiss".) The record reveals nothing in opposition to this motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading . . . it admits all facts well-pleaded; it does not admit legal conclusions. . . ." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985) (Emphasis added.)
The plaintiff brings her claim against the defendant under General Statutes section 22-357, which provides:
 Sec. 22-357. Damage to person or property. If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a CT Page 8325 minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damages was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. If a minor, on whose behalf an action under this section is brought, was under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action.
(Emphasis added.) According to the complaint, when the dog attacked the plaintiff, it was "roaming loose on the real property known as 297 Herbert Street, Milford, Connecticut." (p. 3). The complaint also states that defendant "was in ownership and control" of that property. (p. 2). Essentially, the complaint states that the plaintiff was on the defendant's property when attacked.
It is submitted that the plaintiff's unsupported assertion that she was "neither committing a trespass or other tort" (Complaint, p. 3) is a legal conclusion, the veracity of which is not admitted on a motion to strike. See Mingachos v. CBS, Inc., supra. It is clear that since General Statutes section 22-357 makes an exception for trespassers, and, since plaintiff does not allege sufficient facts showing why she was not trespassing on defendant's property at the time of the attack, this motion to strike is granted.
So entered.
William J. McGrath, Judge